**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID KEITH,

                       Plaintiff,

      v.                                      5:25-cv-00747 (AMN/PJE)

CARLOS ROMAIN, *et al.*,

                       Defendants.

---

**APPEARANCES:**                             **OF COUNSEL:**

**DAVID KEITH**
416 Stinard Avenue
Syracuse, New York 13207
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.  INTRODUCTION

On June 12, 2025, Plaintiff *pro se* David Keith, commenced this action and asserted violations of his Fourth Amendment right against unlawful seizure pursuant to 42 U.S.C. § 1983 ("Section 1983") against Sergeant Carlos Romain, Mayor Benjamin Walsh, and the City of Syracuse (collectively, "Defendants").  *See* Dkt. No. 1 ("Complaint").  Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.

This matter was referred to United States Magistrate Judge Paul Evangelista, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on January 20, 2026, granted Plaintiff's motion for leave to proceed IFP and recommended that Plaintiff's claims against Defendants Romain and Walsh in their official capacities be dismissed with prejudice and that the remainder of the

Complaint be dismissed without prejudice and with leave to amend.  *See* Dkt. No. 4 at 17 ("Report-Recommendation").[1]  Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 18.  No party has filed objections, and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id*. at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Plaintiff alleges that on June 13, 2023, while walking to Syracuse City Hall, Plaintiff saw Defendant Walsh, greeted him, and asked if he could speak with him. Dkt. No. 1 at 2. Defendant Walsh agreed and invited Plaintiff around the corner to speak with him. *Id.* According to Plaintiff, Defendant Romain subsequently appeared and detained Plaintiff, and Defendant Walsh did not intervene, despite having the opportunity to do so. *Id.*

First, Magistrate Judge Evangelista recommended that Plaintiff's Complaint be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 4 at 6-7. Rule 8 requires a pleading to contain, *inter alia*, "'a short and plain statement of the claim showing' why [Plaintiff] is entitled to relief." *Id.* at 6 (quoting Fed. R. Civ. P. 8(a)). Here, Magistrate Judge

3

Evangelista found that Plaintiff did not provide enough detail or context to sufficiently allege that Defendant Romain violated his Fourth Amendment rights and that Defendant Walsh failed to intervene, such as the circumstances surrounding the nature of his purported detention, details regarding the manner, location, or length of time that Plaintiff was detained, or details regarding his interactions with Defendants Romain and Walsh prior to, during, or post detention.  *Id.* at 6.

Second, Magistrate Judge Evangelista recommended that Plaintiff's Fourth Amendment claim against Defendant Romain in his individual capacity be dismissed without prejudice because Plaintiff had not plausibly alleged that he was unlawfully seized, finding that Plaintiff had not alleged any details regarding his interactions with Defendant Romain or the events leading up to his purported seizure.  *See id.* at 7-9 (citing, *inter alia*, *Clarke v. Cnty. of Broome*, No. 10-cv-399, 2012 WL 1005086, at *6 (N.D.N.Y. Mar. 23, 2012) (noting that "even unreasonable, unjustified, or outrageous conduct by an officer is not prohibited by the Fourth Amendment if it does not involve a seizure" and that "[i]n order for a seizure to occur, the subject must yield to the assertion of authority over him")).

Third, Magistrate Judge Evangelista recommended that Plaintiff's Fourth Amendment unlawful seizure claim against Defendant Walsh in his individual capacity be dismissed without prejudice because Plaintiff failed to allege how Defendant Walsh was personally involved in his purported unlawful seizure.  *Id.* at 12-13 (citing, *inter alia*, *Peck v. Cnty. of Onondaga, New York*, No. 21-cv-651, 2021 WL 3710546, at *9 (N.D.N.Y. Aug. 20, 2021) (holding that "[a] defendant in a [Section] 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority" (citation omitted))).  Magistrate Judge Evangelista found that Plaintiff's allegations pertaining to Defendant Walsh—that Plaintiff greeted Defendant Walsh and asked to speak with him, Defendant Walsh agreed to speak with him, and Defendant

Romain then purportedly detained Plaintiff in Defendant Walsh's presence—are insufficient to demonstrate Defendant Walsh's personal involvement in the alleged constitutional violation. *Id.* at 12.

Fourth, Magistrate Judge Evangelista recommended that Plaintiff's Fourth Amendment failure-to-intervene claim against Defendant Walsh in his individual capacity be dismissed without prejudice. *Id.* at 9-10. Magistrate Judge Evangelista found that it was premature to evaluate Plaintiff's failure-to-intervene claim because Plaintiff had not plausibly alleged that he was unlawfully detained. *Id.* at 9 (citing, *inter alia*, *Marom v. Blanco*, No. 15-cv-2017, 2019 WL 3338141, at *12 (S.D.N.Y. July 25, 2019) (noting that "[a] failure to intervene claim is contingent upon the disposition of the primary claims underlying the failure to intervene claim" (citation omitted))). Nevertheless, for completeness, Magistrate Judge Evangelista concluded that Plaintiff had not sufficiently alleged that Defendant Walsh had a duty to intervene because Plaintiff had not established that Defendant Walsh is a member of law enforcement or that a special relationship exists between Plaintiff and Defendant Walsh. *Id.* at 9-10 (citing, *inter alia*, *Johnson v. New York State Police*, 659 F. Supp. 3d 237, 250 (N.D.N.Y. 2023); *Imbriano v. Murray*, No. 24-cv-293, 2025 WL 40844, at *4 (N.D.N.Y. Jan. 7, 2025)).

Fifth, to the extent that Plaintiff raises Fourth Amendment claims against Defendants Romain and Walsh in their official capacities, Magistrate Judge Evangelista recommended that such claims be dismissed with prejudice as redundant because Plaintiff named the City of Syracuse as a defendant. *See id.* at 13 (citing, *inter alia*, *In re New York City Policing During Summer 2020 Demonstrations*, 548 F. Supp. 3d 383, 408-09 (S.D.N.Y. 2021) (noting that "courts in the Second Circuit routinely dismiss official capacity claims against municipal officials as duplicative of the claims against the municipality").

Sixth, Magistrate Judge Evangelista recommended that Plaintiff's claims against the City of Syracuse be dismissed without prejudice because Plaintiff did not sufficiently allege that "his constitutional rights were violated due to an official City of Syracuse policy, a persistent and widespread custom or practice, failure to train or supervise, or because a policy-making official's deliberate conduct deprived him of a constitutional right." *Id.* at 14-16 (citing, *inter alia*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Dougal v. Lewicki*, No. 23-cv-1167, 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023)).

Lastly, Magistrate Judge Evangelista recommended that Plaintiff be granted an opportunity to amend his Complaint to state a valid claim for relief, to the extent that Plaintiff seeks to proceed against Defendants Romain and Walsh in their individual capacities and against the City of Syracuse. *See id.* at 16-17 (citing, *inter alia*, *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (noting that courts should not dismiss a *pro se* complaint "without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated")).

Having reviewed the Report-Recommendation and considered Magistrate Judge Evangelista's findings as to each claim, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 4, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Romain and Walsh in their official capacities be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's claims against the City of Syracuse and Defendants Romain and Walsh in their individual capacities, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Evangelista for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 4, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge