**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID KEITH,

Plaintiff,

v. 5:25-cv-00747 (AMN/PJE)

CARLOS ROMAIN and BENJAMIN WALSH

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**DAVID KEITH**
416 Stinard Avenue
Syracuse, NY 13207
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On June 12, 2025, plaintiff *pro se* David Keith ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Sergeant Carlos Romain of the Syracuse Police Department ("Sergeant Romain") and Syracuse Mayor Benjamin Walsh ("Mayor Walsh"; together with Sergeant Romain, "Defendants"), in both their individual and official capacities, and against the City of Syracuse (the "City"), alleging violations of his Fourth Amendment rights. *See* Dkt. No. 1 (the "Complaint"). Plaintiff sought leave to proceed *in forma pauperis*, Dkt. No. 2.

The matter was referred to United States Magistrate Judge Paul J. Evangelista. On January 20, 2026, Magistrate Judge Evangelista issued a report-recommendation and order granting Plaintiff's IFP motion, recommending that the Court dismiss Plaintiff's claims against Defendants in their official capacities with prejudice and without leave to amend, and further

recommending that the Court dismiss the remainder of the Complaint without prejudice and with leave to amend. Dkt. No. 4 (the "First Report-Recommendation"). On March 4, 2026, the Court adopted the First Report-Recommendation in its entirety and ordered that Plaintiff file any amended complaint within thirty days. Dkt. No. 5. On April 3, 2026, Plaintiff filed an amended complaint, in which he asserts claims against Defendants but omits from the caption his previous reference to the City of Syracuse. Dkt. No. 7 (the "Amended Complaint"). Magistrate Judge Evangelista reviewed the Amended Complaint pursuant to 42 U.S.C. § 1915(e) and, on September 14, 2026, issued a report-recommendation and order recommending that the Court dismiss the Amended Complaint with prejudice and without an opportunity to further amend. Dkt. No. 8 (the "Report-Recommendation"). Magistrate Judge Evangelista advised that pursuant to 28 U.S.C. § 636(b)(1), Plaintiff had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 13.[1] No party has filed objections, and the time for filing objections has expired. *See generally* Docket Sheet.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F.

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because no party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista recommended that the Court dismiss the Amended Complaint because Plaintiff again fails to "provide 'a short and plain statement of the claim showing' why he is entitled to relief." Dkt. No. 8 at 3 (quoting Fed. R. Civ. P. 8(a)). Magistrate Judge Evangelista noted that Plaintiff provides conclusory allegations that he was verbally detained by Sergeant Romain in Mayor Walsh's presence and that Mayor Walsh failed to intervene on his behalf but does not plead facts establishing "that he was actually detained, verbally or otherwise . . . such as the manner in which he was verbally detained or the length, location, or conditions of his detention." *Id.* (citing Dkt. No. 7). Magistrate Judge Evangelista noted that Plaintiff offers no allegations as to what Sergeant Romain said to him, and that such allegations are necessary to provide fair notice of his claims and establish that Sergeant Romain's words "amounted to a verbal detention." *Id.* at 3-4 (citing *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999)) (additional citations omitted).[2]

Magistrate Judge Evangelista then considered the propriety of granting Plaintiff leave to further amend his complaint. *Id.* at 12. Magistrate Judge Evangelista noted that a *pro se* complaint generally should not be dismissed without at least one opportunity to amend. *Id.* at 12. Magistrate

[2] For similar reasons, Magistrate Judge Evangelista also recommended that the Court dismiss Plaintiff's Fourth Amendment claims against Sergeant Romain and Mayor Walsh for failure to state a claim. *Id.* at 4-9. Magistrate Judge Evangelista further noted that while Plaintiff initially listed the City of Syracuse as a defendant in the caption of his Complaint, he omits the City from the caption of the Amended Complaint and pleads no facts indicating the City's involvement. *Id.* at 9. Nevertheless, Magistrate Judge Evangelista assessed the City's potential liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). He found that Plaintiff alleges neither an "official . . . policy, a persistent and widespread custom or practice, [a] failure to train or supervise, or [a] policy-making official's deliberate conduct," and instead alleges only an employment relationship between the City and Defendants. *Id.* at 11 (citing *Dougal v. Lewicki*, No. 1:23-CV-1167 (DNH/CFH), 2023 WL 6430586, at *10 (N.D.N.Y. Oct. 3, 2023, *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *see generally* Dkt. No. 7. As such, he recommended that the Court dismiss Plaintiff's claims against the City of Syracuse, as well. *Id.* at 12.

Judge Evangelista noted that both the First Report-Recommendation and the Court's order adopting it had alerted Plaintiff to the additional facts and specificity required to survive the initial review stage, but that Plaintiff had failed to cure these deficiencies. *Id.* Magistrate Judge Evangelista accordingly recommended that the Court dismiss the Amended Complaint with prejudice and without leave to amend. *Id.*

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 8, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 7, is **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules and close the case.[3]

**IT IS SO ORDERED.**

Dated: November 17, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.